UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RYAN KAIN ) | CIVIL ACTION NO.: |
| ) | |
| Plaintiff, on behalf of himself and all ) | SECTION: |
| others similarly situated, ) | |
| ) | |
| vs. ) | MAGISTRATE: |
| ) | |
| THE SATELLITE CENTER, INC., DANIEL ) | |
| TEACHWORTH AND DEBORAH ) | |
| TEACHWORTH ) | |

Defendants.

_____
Defendants.

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

NOW INTO COURT through undersigned counsel comes Plaintiff, Ryan Kain, and files this Complaint against Defendants, The Satellite Center, Inc., Daniel Teachworth and Deborah Teachworth (collectively "Defendants"), asserting collective action claims for unpaid overtime and liquidated damages owed to him and those similarly situated for not being paid overtime properly in direct violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, (hereinafter called the "FLSA") and also asserting individual claims under the Louisiana Final Wage Payment Act, La. R.S. 23:631, *et seq.* for unpaid final wages and states as follows:

**JURISDICTION**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act to recover unpaid overtime wages and liquidated damages and reasonable attorney's fees and costs under the FLSA, 29 U.S.C. §201, *et seq.*

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**VENUE**

4. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391 because Kenner, Louisiana is where Defendants are subject to personal jurisdiction, where Defendants do business in the State of Louisiana, and where the unlawful acts complained of occurred.

**PARTIES**

5. At all times material hereto, Plaintiff was, and continues to be a resident of the Parish of Jefferson, State of Louisiana.

6. At all times material hereto Defendant, The Satellite Center, Inc. was, and continues to be a Louisiana company. Further, at all times material hereto, this Defendant was, and continues to be, engaged in business in Jefferson Parish, Louisiana.

7. At all times material hereto Defendant, Daniel Teachworth was, and continues to be a Louisiana citizen. Defendant is an owner and officer of The Satellite Center and was responsible for the decisions and policies complained of herein. Further, at all times material hereto, this Defendant was, and continues to be, engaged in business in Jefferson Parish, Louisiana.

8. At all times material hereto Defendant, Deborah Teachworth was, and continues to be a Louisiana citizen. Defendant is an owner and officer of The Satellite Center and was responsible for the decisions and policies complained of herein. Further, at all times material hereto, this Defendant was, and continues to be, engaged in business in Jefferson Parish, Louisiana.

## PLAINTIFF AND THE FLSA COLLECTIVE ACTION PLAINTIFFS WERE SUBJECT TO THE PROVISIONS OF THE FLSA

9. At all times material hereto, Plaintiff and the FLSA Collective Action Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiff and the FLSA Collective Action Plaintiffs were "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

11. At all times material hereto, Plaintiff and the FLSA Collective Action Plaintiffs were "employees" of Defendants within the meaning of FLSA.

12. At all times material hereto, Defendants were the Plaintiff and the FLSA Collective Action Plaintiffs'"employer" within the meaning of FLSA.

13. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of FLSA.

14. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

15. At all times material hereto, the work performed by the Plaintiff and the FLSA Collective Action Plaintiffs was directly essential to the business performed by Defendants.

## DEFENDANTS ARE PLAINTIFF'S AND THE FLSA COLLECTIVE ACTION PLAINTIFFS' JOINT EMPLOYERS

16. At all times material hereto, Defendants were Plaintiff's and the FLSA Collective Action Plaintiffs' "joint employers" within the meaning of FLSA.

17. Specifically, Defendants were so intertwined as to be indistinguishable.

18. Defendants jointly exercised control over the Plaintiff's and FLSA Collective Action Plaintiffs' schedules, rates of pay, how they performed their jobs and the equipment they used to perform their jobs and jointly implemented the payroll schemes complained of herein.

19. Specifically, Defendants signed contracts with clients in the Greater New Orleans Area to install and maintain satellite and internet services to those customers.

20. Defendants then retained persons, such as Plaintiff and the FLSA Collective Action Plaintiffs to perform these services for Defendants' clients.

21. Plaintiff and the FLSA Collective Action Plaintiffs had no ability to independently contract with clients; all of their clients and business came from persons who had signed contracts for services with Defendants.

22. At all times material hereto, the work performed by the Plaintiff and the FLSA Collective Action Plaintiffs was directly essential to the business performed by Defendants.

## COLLECTIVE ACTION ALLEGATIONS

23. All previous paragraphs are incorporated as though fully set forth herein.

24. Plaintiff brings this FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons in the United States, who, since at least June 2022, previously

worked or currently work for Defendants as Satellite Technicians or Uplink Operators, who worked in excess of 40 hours per week, but were not paid overtime for all hours worked in excess of 40 per week, thereby depriving them of federally mandated overtime pay for all hours worked in excess of 40 per week.

25. Plaintiff brings his overtime claims as a collective action under the FLSA to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and all other damages owed to Plaintiff and all similarly situated employees of Defendants that were wrongly not paid overtime under the FLSA.

26. Plaintiff estimates that there are dozens of members of the FLSA Collective Class who have been affected by Defendants' improper policies and practices. It would be impractical to join all of those employees and former employees in this action.

27. The precise number of persons in the FLSA Collective Action Class can be easily identified and located using Defendants' timesheets, payroll, time records and other personnel records.

28. Given the composition and size of the FLSA Collective Class, potential opt-in class members may be informed of the pendency of this Collective Action by text message, direct mail and email.

29. Plaintiff's claim for unpaid overtime wages is properly maintained as a collective action because Plaintiff is similarly situated to the collective action members he seeks to represent via class in that:

    (a)    Plaintiff and similarly situated employees worked for Defendants as home Satellite Technicians and Uplink Operators and performed the same or substantially the same job duties and were subject to the same job

    scheduling policies and payment practices. Plaintiff is personally aware that other similarly situated employees of Defendants performed the same or substantially the same job duties as Plaintiff, worked in excess of 40 hours per week and were not paid overtime due to Defendants' uniform policy of not paying these employees overtime.

  (b) Due to Defendants' intentional failure to pay Plaintiff and similarly situated employees for time that they knew was considered compensable under the FLSA, Defendants have deliberately and willfully failed to pay these employees at a rate of pay equal to the federally-mandated overtime wages for all hours worked in excess of 40 per week.

  (c) Although the number of hours worked by Plaintiff and the proposed FLSA Collective Plaintiffs may differ, the payment scheme of failing to pay care givers overtime for hours worked in excess of 40 per week was applied to all home caregiver employees who worked for Defendants and the hours each employee worked should be readily determinable by review of Defendants' records.

  (d) Accordingly, Plaintiff is in the best position to represent all members of the FLSA Collective Action Class as a whole.

30. In addition, because Defendants applied their unlawful employment and payment policies in the same manner to all potential members of the FLSA Collective Action Plaintiffs, common issues of law and fact predominate, and therefore pursuing this matter as a collective action serves as the most expeditious use of the court's time and

resources, as well as avoiding multiple actions on these issues, with the potential for differing or inconsistent judgments.

31. Plaintiff requests that the Court authorize notice to the FLSA Collective Action Plaintiffs to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation and liquidated damages under the FLSA.

## **FACTUAL ALLEGATIONS**

32. Plaintiff worked for Defendants as a satellite technician/uplink operator installing satellite dishes, primarily for hotels, condominium associations and other commercial locations.

33. He worked for Defendants until 2024.

34. He was paid hourly, at a varying rate of pay.

35. Specifically, when Defendants served as the primary provider and service provider, he was paid one rate of pay.

36. When Defendants worked as a subcontractor for another company, he was paid another rate.

37. He was also entitled to additional pay for certain services performed, but often did not receive that pay.

38. In addition, while working for Defendants, he operated satellite uplink equipment on weekends for varying flat rates of pay.

39. However, he often had to travel to provide these uplink equipment services but was not paid for travel time.

40. While working for Defendants, Plaintiff regularly and routinely worked in excess of 40 hours per week, often as many as 70 hours per week.

41. However, he was not paid overtime for all hours worked in excess per week.

42. Moreover, to the extent he did receive anything labeled as "overtime pay", it did not include all amounts legally required to be included when calculating his actual rate of pay for the purposes of calculating overtime.

43. In addition, while working for Defendants, Defendants required Plaintiff to accept payment via direct deposit. However, it unlawfully charged him a fee for said mandatory direct deposits, at times up to $5.00 per deposit.

44. Moreover, while working for Defendants, Plaintiff vested and accrued a sum certain number of paid vacation hours. However, upon his cessation of employment, Defendants did not pay him his accrued and earned, but unused vacation hours.

## CAUSES OF ACTION

### COUNT I: COLLECTIVE ACTION CLAIM FOR FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

45. All previous paragraphs are incorporated as though fully set forth herein.

46. As a result of Defendants' payment policy whereby it did not pay Plaintiff and the putative FLSA Collective Action Plaintiffs overtime for all hours worked in excess of 40 hours per week and/or did not include all amounts legally required when calculating their rate of pay for overtime purposes, Plaintiff and the putative FLSA Collective Action Plaintiffs have been deprived of federally mandated overtime pay.

47. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the

compensation of Plaintiff and the putative FLSA Collective Action Plaintiffs as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that he was not exempt.

48. At all times material hereto, Defendants have failed to maintain proper time records as mandated by the FLSA.

49. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the putative FLSA Collective Action Plaintiffs at a rate equal to one and one-half times their actual regular rate of pay for all of the hours that they worked in excess of 40 hours per week when it knew, or should have known, such was and is due.

50. Defendants have failed to properly disclose or apprise Plaintiff and the putative FLSA Collective Action Plaintiffs of their rights under the FLSA.

51. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and the putative FLSA Collective Action Plaintiffs have suffered lost compensation for time worked over 40 hours per week, plus liquidated damages.

52. Plaintiff and the putative FLSA Collective Action Plaintiffs are also entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II: INDIVIDUAL CLAIM FOR FINAL WAGES UNDER THE LOUISIANA FINAL WAGE PAYMENT ACT: VACATION PAY**

53. All previous paragraphs are incorporated as if fully set forth herein.

54. In addition to failing to pay Plaintiff overtime for hours that he worked in excess of 40 per week, Defendants also failed to pay Plaintiff all of his accrued and earned, but unused vacation pay hours, in direct violation of Louisiana's Final Wage Payment Act, which specifically mandates that such pay be issued.

55. Plaintiff ceased working for Defendant in 2024.

56. Pursuant to Louisiana's Final Wage Payment Act, all of Plaintiff's final wages, including his unused vacation pay hours, were due and owing on the earlier of his next regular pay date or within fifteen days of her cessation of employment with Defendants.

57. However, Defendants failed to pay Plaintiff his vacation hours upon the cessation of his employment.

58. To date, Defendants have not paid Plaintiff these wages.

59. Accordingly, Plaintiff is entitled to recover his unpaid wages in full, plus up to 90 days wages due to Defendants' bad faith failure to pay him and reasonable attorneys fees and costs pursuant to the Final Wage Payment Act, LA. R.S. 23:631, *et seq*.

### COUNT III: INDIVIDUAL CLAIM FOR FINAL WAGES UNDER THE LOUISIANA FINAL WAGE PAYMENT ACT: UNLAWFUL DEDUCTIONS

60. All previous paragraphs are incorporated as if fully set forth herein.

61. During his employment with Defendants, Defendants paid him via "direct deposit" and charged him a fee for each payment made via this process.

62. Defendants' deduction of a fee for direct deposit violates the anti-forfeiture provisions of the Louisiana Wage Payment Act. *See* La. R.S. 23:634.

63. Upon the cessation of his employment, Defendants owed Plaintiff his full wages, including these unlawfully withheld direct deposit charges.

64. To date, Defendants have not paid Plaintiff these wages.

65. Accordingly, Plaintiff is entitled to recover his unpaid wages in full, plus up to 90 days wages due to Defendants' bad faith failure to pay him and reasonable attorneys fees and costs pursuant to the Final Wage Payment Act.

## COUNT IV: INDIVIDUAL CLAIM FOR FINAL WAGES UNDER THE LOUISIANA FINAL WAGE PAYMENT ACT: UNPAID FINAL WAGES

66. All previous paragraphs are incorporated as if fully set forth herein.

67. For the entirety of his employment with Defendants, Defendants regularly and routinely failed to pay him all amounts to which he was entitled to be paid.

68. Upon the cessation of his employment, Defendants owed Plaintiff his full wages, including these it failed to pay him.

69. To date, Defendants has not paid Plaintiff these wages.

70. Accordingly, Plaintiff is entitled to recover his unpaid wages in full, plus up to 90 days wages due to Defendants' bad faith failure to pay him and reasonable attorneys' fees and costs pursuant to the Final Wage Payment Act.

## ATTORNEY'S FEES

71. Plaintiff has retained the law firms of Jackson+Jackson and Martzell, Bickford & Centolato represent Plaintiff in this litigation and has agreed to pay the firms a reasonable fee for their services.

## CONSENT

72. Plaintiff's consent to file this Complaint is evidenced by his signature on the FLSA Consent Form that is attached hereto as Exhibit "A."

## JURY TRIAL

73. A trial by jury is requested on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against Defendant, The Satellite Center, Inc.

    a. Declaring that Defendant's actions of failing to pay to Plaintiff and the

    FLSA Collective Action Plaintiffs time and one-half their regular rate of pay for all of the hours they worked in excess of 40 per week is in violation of the FLSA;

b. Declaring that Defendants' failure to include all amounts legally required in the calculation of Plaintiff and the FLSA Collective Action Plaintiffs' regular rate in its calculation of any overtime pay owed to them is in violation of the FLSA;

c. Enjoining Defendants from continuing to pay employees in violation of the FLSA;

d. Awarding Plaintiff and the FLSA Collective Action Plaintiffs all unpaid overtime pay to which they are entitled;

e. Awarding Plaintiff and the FLSA Collective Action Plaintiffs an equal amount in liquidated damages for the overtime they were owed;

f. Awarding Plaintiff and the FLSA Collective Action Plaintiffs reasonable attorneys fees and costs;

g. Awarding Plaintiff all unpaid final wages that he is owed;

h. Awarding Plaintiff up to 90 days penalty damages due to Defendants' failure to pay him those final wages as set forth in the Louisiana Final Wage Payment Act; and

i. Awarding Plaintiff attorneys fees and costs under the Louisiana Final Wage Payment Act.

Respectfully submitted,

/s/ *Mary Bubbett Jackson*
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F: (888) 988-6499
E: jjackson@jackson-law.net
mjackson@jackson-law.net

**MARTZELL, BICKFORD & CENTOLA, APLC**
**NEIL F. NAZARETH (#28969)**
338 Lafayette Street
New Orleans, Louisiana 70130
Telephone: (504) 581-9065
Facsimile: (504) 581-7635
nfn@mbfirm.com

Attorneys for Plaintiff

**PLEASE SERVE**

**The Satellite Center, Inc.**
**Through its Registered Agent:**
**Daniel Teachworth**
**2535 Williams Blvd**
**Kenner, LA 70062**

**Daniel Teachworth, individually**
**Wherever he may be found**

**Deborah Teachworth, individually**
**Wherever she may be found**